UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LANCE COFIELD,

Plaintiff,

-vs-

BUFFALO GENERAL MEDICAL CENTER,

Defendant.

25-CV-1021 (MAV)

ORDER

Plaintiff Lance Cofield filed the present action in October 2025 alleging federal and state law claims against Defendant Buffalo General Medical Center ("BGMC"). ECF No. 1. Plaintiff did not pay the filing fee but applied for leave to proceed in forma pauperis ("IFP"). ECF No. 3. Subsequently, he filed a motion for default judgment (ECF No. 4), and a motion for service by the United States Marshals (ECF No. 5).

As an initial matter, the Court denies without prejudice Plaintiff's motions for default judgment and service by the Marshals. Rule 4(b) of the Local Rules of Civil Procedure of the Western District of New York authorizes service by the United States Marshals only after a pro se plaintiff has been authorized to proceed IFP. *See, e.g., Meadows v. Erie Cnty. Dep't of Soc. Servs.*, No. 23-CV-920-LJV, 2024 WL 2319829, at *1 n.1 (W.D.N.Y. May 22, 2024) (discussing Loc. R. Civ. P. 4(b)). Here, Plaintiff's complaint did not proceed to service, because his motion for IFP was still pending. Further, "[a] default judgment may not be granted . . . if the defendant has not been effectively served with process." *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014) (internal quotation marks and citation omitted). Here, because Plaintiff's complaint did not proceed to service, default judgment may not be granted.

However, the Court has now reviewed Plaintiff's motion to proceed IFP and his supporting affirmation required under 28 U.S.C. § 1915(a), and finds that Plaintiff has met the statutory requirements and may proceed in this matter IFP. Because Plaintiff is proceeding IFP, the Court has conducted an initial screening of Plaintiff's complaint using the 28 U.S.C. § 1915(e)(2) criteria.

Based on the Court's screening, the Court finds that Plaintiff's complaint must be dismissed with leave to amend his claims.

## BACKGROUND

The following background is drawn from Plaintiff's pro se complaint. ECF No. 1. The Court has accepted all factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).

Plaintiff alleges that on either October 4 or October 6, 2025 he was treated at BGMC for a work-related injury affecting the left side of his body. ECF No. 1 at 4.[1] He states that instead of properly documenting his examination, BGMC staff instead simply recorded a note that read, "refer to Degraff notes." *Id.* This caused confusion in the Workers' Compensation process between the work-related injury on his left side, and a prior "no-fault" injury on his right side. *Id.* This failure by BGMC staff to properly document his assessment in October 2025 "resulted in medical and administrative delays and emotional distress." *Id.*

Plaintiff filed the instant complaint on October 10, 2025, alleging professional misconduct under federal and state law for failure to maintain accurate and distinct

[1] The page numbers cited in this Decision and Order refer to the pagination inserted by the Court's CM/ECF system in the upper right-hand corner of the document.

medical records, as well as negligence and medical mis-documentation. ECF No. 1.

## LEGAL STANDARD

Section 1915 of Title 28 of the United States Code "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A complaint filed pro se must be "liberally construe[d]" and "interpret[ed] . . . to raise the strongest arguments it suggests." *Abbas*, 480 F.3d at 639 (citing *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002)). Nevertheless, the Second Circuit has instructed courts not to "read into pro se submissions claims that are not consistent with the pro se litigant's allegations or arguments that the submissions themselves do not suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).

At the first step of the § 1915 screening inquiry, the Court must determine whether it has subject-matter jurisdiction over the plaintiff's claims. Federal courts are courts of "limited jurisdiction," which means that they cannot hear just any case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court can typically adjudicate only three types of claims:

> (1) those that "aris[e] under the Constitution, laws, or treaties of the United States"—so-called "federal question" jurisdiction under 28 U.S.C. § 1331; (2) disputes between citizens of different states, where the amount in controversy exceeds $75,000—"diversity jurisdiction" under 28 U.S.C. § 1332; and, under certain circumstances, (3) other claims that are "so related" to an "original jurisdiction" claim that they "form part of the same case or controversy under Article III of the United States Constitution"—"supplemental jurisdiction" under 28 U.S.C. § 1367(a).

*Dor v. Google LLC*, No. 3:25-CV-01915 (SVN), 2026 WL 438112, at *2 (D. Conn. Feb. 13, 2026). If "the Court 'determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.'" *Jones v. Free & Accepted Masons*, 685 F. Supp. 3d 148, 151 (W.D.N.Y. 2023) (collecting cases and quoting Fed. R. Civ. P. 12(h)(3)).

Next, the Court must dismiss the complaint, or any portion thereof, if it determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). On the other hand, a complaint sufficiently states a claim when it is "facially plausible"; that is, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Generally, where screening reveals that a complaint is deficient, a pro se plaintiff must be allowed an opportunity to amend or to be heard prior to dismissal "unless the [C]ourt can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). That said, leave to amend is properly denied where amendment would be futile. *See, e.g., Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

## DISCUSSION

### I. Plaintiff's Federal Claim

Although Plaintiff correctly suggests that the Court has federal question subject matter jurisdiction in this case over questions of federal law (28 U.S.C. § 1331), his federal claim for inaccuracy of medical records must be dismissed.

At the outset, the Court notes that the statutory basis for Plaintiff's federal claim is unclear. Plaintiff cites to 42 U.S.C. § 1395x(e), the definition of "hospital" located in the "Miscellaneous Provisions" of 42 U.S.C. Ch. 7, Subch. XVIII, "Health Insurance for the Aged and Disabled" (i.e., Medicare). Although implementing regulations for the Medicare program establish detailed standards for the maintenance of medical records at 42 C.F.R. § 482.24, courts considering the issue have found that "[t]his federal regulation does not provide [p]laintiff[s] with a private right of action." *Est. of Savage v. St. Peter's Hosp. Ctr. of City of Albany, Inc.*, No. 1:17-CV-1363 (DJS), 2018 WL 3069199, at *5 (N.D.N.Y. June 21, 2018) (collecting cases). Similarly, the Health Insurance Portability and Accountability Act ("HIPAA") was passed to "encourag[e] the development of a health information system," and tasked the Department of Health and Human Services ("HHS") with providing Congress recommendations on standards with respect to protected health information ("PHI"). *See Ciox Health, LLC v. Azar*, 435 F. Supp. 3d 30, 39–44 (D.D.C. 2020) (discussing HIPAA's statutory and regulatory background). Yet courts have found that HIPAA

and its implementing regulations also "do[ ] not expressly create a private cause of action for individuals . . . . [n]or does the statute *imply* a private cause of action." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (emphasis in the original).

Therefore, construing Plaintiff's complaint to present the strongest argument it suggests, and because the statute cited by Plaintiff (42 U.S.C. § 1395x) is in proximity to the Emergency Medical Treatment and Labor Act ("EMTALA," 42 U.S.C. § 1395dd), the Court considers whether the complaint states an EMTALA claim.

EMTALA applies to all hospitals with an emergency department that participate in the federal Medicare program. 42 U.S.C. § 1395dd(a). It imposes two requirements on hospitals: a screening requirement and a stabilization requirement. *See Lawrence v. Charlotte Hungerford Hosp.*, No. 3:25-CV-01022 (SVN), 2026 WL 2140448, at *5 (D. Conn. July 23, 2026) (discussing 42 U.S.C. § 1395dd). The screening requirement mandates that if any individual comes to the emergency department of a qualifying hospital requesting "examination or treatment for" an emergency medical condition, "the hospital must provide for an appropriate medical screening examination . . . to determine whether or not an emergency medical condition . . . exists." *Id.* (quoting 42 U.S.C § 1395dd(a)). The stabilization requirement mandates that hospitals provide "such treatment as may be required to stabilize the medical condition" before discharge or transfer. 42 U.S.C. § 1395dd(b)(1). Thus, "[i]n order to state a claim under the EMTALA, a plaintiff must allege that he went to the emergency room of a participating hospital seeking treatment for a

medical condition, and that the hospital did not adequately screen him to determine whether he had an emergency medical condition, or discharged or transferred him before such a condition had been stabilized." *Jones v. Beth Israel Hosp.*, No. 1:17-CV-3445-GHW, 2018 WL 1779344, at *7 (S.D.N.Y. Apr. 12, 2018) (internal citation and quotation marks omitted).

Here, Plaintiff fails to allege that BGMC was a hospital covered by EMTALA, that he was even treated in the emergency room, that he had an emergency medical condition, that was not adequately screened, or that he was discharged or transferred before his condition had been stabilized. He alleges only that inaccurate record-keeping from his visit resulted in medical and administrative delays and emotional distress. ECF No. 1 at 4. Accordingly, Plaintiff's claim is dismissed, but with leave to amend.

**II. Plaintiff's State Law Claims**

Having found no merit in Plaintiff's federal claim against BGMC, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims at this time.

A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367, which states that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "Supplemental jurisdiction may be declined, however, where all claims over which

the Court had original jurisdiction have been dismissed." *Spring v. Cnty. of Monroe, N.Y.*, 103 F. Supp. 3d 361, 366 (W.D.N.Y. 2015) (citing 28 U.S.C. § 1367(c)). The Second Circuit has stated that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). The relevant factors include judicial economy, convenience, fairness and comity. *Id.*

The Court finds that in the instant case, the interests considered under the pendent jurisdiction doctrine are best served by declining to exercise supplemental jurisdiction at this time. Accordingly, Plaintiff's state law claims are dismissed without prejudice to reasserting in an amended complaint or refiling in state court.

## CONCLUSION

For the reasons above, Plaintiff's motions for default judgment and service by the Marshals are denied without prejudice, but his motion to proceed IFP is granted. After screening the complaint under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's federal claim for inaccurate record-keeping is dismissed with leave to amend. In his amended complaint, Plaintiff may also reassert his state law claims.

Plaintiff is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended

complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

**ORDER**

IT HEREBY IS ORDERED that Plaintiff's motion to proceed IFP, ECF No. 3, is GRANTED; and it is further

ORDERED that Plaintiff's motions for default judgment, ECF No. 4, and for service by the Marshals, ECF No. 5, are DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff's federal claim for inaccurate record-keeping is DISMISSED WITH LEAVE TO AMEND under 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that the Court declines at this time to exercise supplemental jurisdiction over Plaintiff's state law claims, without prejudice to the claims being reasserted in an amended complaint or in state court; and it is further

ORDERED that Plaintiff may file an amended complaint as directed above by no later than **November 6, 2026**; and it is further

ORDERED that the Plaintiff shall be sent, with this order, a copy of the original complaint, a non-prisoner complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file an amended complaint by **November 6, 2026**, the claims dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) will remain

dismissed and the Clerk of the Court shall close this case as dismissed without further order; and it is further

ORDERED that in the event the complaint is dismissed because Plaintiff has failed to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: September 18, 2026
Rochester, New York

Meredith Vacca

HON. MEREDITH A. VACCA
United States District Judge